Tagged Opinion



**ORDERED in the Southern District of Florida on November 02, 2007.**

_____
Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                          Case No. 05-32987-BKC-PGH
DH4, Inc.,
      Debtor.
_____/

<u>ORDER:1) SUSTAINING OBJECTION TO AMENDED CLAIM NO. 15 (C.P.#187):
2)DENYING DEBTOR'S CLAIM FOR SET-OFF AS MOOT (C.P.#210); 3)
DENYING DEBTOR'S MOTION FOR RECONSIDERATION AS MOOT (C.P.# 215);
AND 4)CANCELING HEARING SET FOR NOVEMBER 8, 2007</u>

**THIS MATTER** came before the Court for evidentiary hearing on October 2, 2007, upon DH4, Inc.'s ("Debtor") *Objection to Claim* ("Objection To Claim") (C.P.#187), wherein Debtor objects to the claim of its former landlord, 12th Street Associates, d/b/a Crosstown Plaza ("Landlord"). Debtor also filed a Supplemental Objection to Claim ("Set-Off Claims")(C.P.#210), which seeks in the alternative, the allowance of specified set-offs to Landlord's claim.

**BACKGROUND**

    1. This action was commenced on June 14, 2005, by the filing of a petition under Chapter 11 of the Bankruptcy Code. Prior to filing, the Debtor was the tenant in premises leased from the Landlord in a shopping center located at 2939 North Military Trail, West Palm Beach, Florida ("Leased Premises"). The Debtor operated a sports bar and restaurant in the Leased Premises. The lease between Debtor and Landlord was entered into on November 23, 2004 ("Lease")(Ex. #1).

    2. The Lease provides in pertinent part:

    a. "any violation of any provision of this lease by any assignee... shall be deemed a violation by the original tenant named herein... it being the intention that the original tenant... shall be liable to landlord for any and all acts and omissions of any and all assignees..." Lease ¶ 10.01B (Ex.#1);

    b. "tenant shall pay to the landlord, on demand, such expenses as landlord may incur... including... court costs and attorney fees and disbursements, in enforcing the performance of any obligation of tenant under this lease..." Lease ¶ 13.02 (Ex.#1).

    3. On June 15, 2005, the Debtor filed a *Motion To Assume and Assign Executory Contract of the Debtor, and To Sell Free And Clear of Liens Furniture, Fixtures, Equipment Outside of the Ordinary Course* ("Motion To Assume And Assign")(C.P.#3). The Landlord filed

a Response objecting to the sale and assignment on the basis that: a) the business use of the Leased Premises by the proposed assignee would alter the tenant mix in the shopping center in violation of the Lease's assignment clause; and b) there was no adequate assurance of future performance by the proposed assignee ("Landlord's Objection")(C.P. #8).

4. An evidentiary hearing was conducted before this Court to consider the Debtor's Motion To Assume And Assign, and the Landlord's Objection thereto. On July 29, 2005, the Court entered a *Final Order Granting Debtor's [Motion To Assume And Assign]* ("Order Approving Assignment")(C.P. #26). The *Order Approving Assignment,* a final non-appealable order, determined among other things, that "[t]o the extent required, Assignee has provided adequate assurances of future performance." *Id.* ¶ 17.

5. On August 12, 2005, the Debtor and the assignee of the Lease, SK West Palm Beach, L.L.C. ("Assignee"), entered into an Assignment of Lease, wherein Debtor assigned to Assignee "any and all right and interest it may have in that certain lease agreement... between 12th Street Associates and DH4, Inc." (Ex. #2).

6. On August 12, 2005, Assignee entered into an Assumption of Lease, wherein Assignee accepted the assignment, assumed the obligations of Debtor, and agreed to completely perform all of the conditions, terms, obligations, and covenants of the Lease between

3

Landlord and Debtor. (Ex. #3)

7. On August 12, 2005, Assignee and Debtor entered into a Closing Agreement which consummated the sale and purchase of the Debtor's sports bar and restaurant. (Ex. #4).

8. On September 27, 2005, Landlord and Assignee entered into Amendment Number One to Lease Agreement ("Lease Amendment"). The Lease Amendment stated at paragraph 6 that "Article XIV, Section 14.13 of the Lease is hereby amended only with respect to the address for Notices to Tenant." The Lease Amendment listed the Assignee's address as the address to be used for notices to tenant. Paragraph 7 of the Lease Amendment stated that "except as amended herein, all of the other terms and conditions of the Lease remain unchanged and are hereby ratified and are in full force and effect both prior to and after the effective date of this Amendment Number One to Lease Agreement." (Ex. #5).

9. On November 10, 2005, the Court entered an Order granting the Assistant U.S. Trustee's motion to convert this case from a case under Chapter 11 to case under Chapter 7.

10. On or about February 5, 2007, the Assignee defaulted on payment of rent for the Leased Premises. The Assignee was served with a "3-Day Notice" on March 21, 2007 seeking $28,386.72, or delivery of the possession of the Leased Premises to the Landlord. (Ex. #9). This notice of default was furnished to the Assignee, but it was not furnished to the Debtor.

11. On April 10, 2007, the Landlord filed an Amended Proof of Claim (Claim No. 15) seeking $84,351.72 from the estate for accelerated rental arrearages, carrying charges, state taxes, insurance, sales tax, and attorney fees stemming from the Assignee's default under the Lease.

## **CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The facts of this matter reveal that as of the petition date, the Debtor had an interest as a tenant under an unexpired lease. Post-petition, the Debtor assumed and assigned the Lease to Assignee, who later defaulted by failing to pay rent to the Landlord. The Landlord now seeks recovery from the Debtor's estate for the Assignee's default under the Lease. The Debtor, who expects to receive a distribution of surplus funds from the estate, objects to Landlord's claim. Debtor's counsel has advanced several arguments in support of its Objection to Claim including: 1) that the Landlord's failure to notice the Debtor regarding Assignee's default under the Lease precludes the Landlord from recovering from the estate; 2) that the Landlord should be equitably estopped from recovering from the estate; and 3) that the post-assignment Lease Amendment between Landlord and Assignee is evidence of a novation

releasing the estate from liability under the Lease. Landlord's counsel has argued in rebuttal that: a) under Florida law, the Landlord was not obligated to provide notice to the Debtor of the Assignee's default; and b) that pursuant to the terms of the Lease, the Debtor remains obligated to the Landlord for the Assignee's default. The Court finds that *all* of these arguments are off point. The closing arguments by both counsel for Debtor and counsel for Landlord fail to cite any bankruptcy case law or statutes in support of their arguments. This matter is properly determined by statute pursuant to 11 U.S.C. § 365: Executory Contracts and Unexpired Leases.

> Section 365 of the Bankruptcy Code provides special rules for unexpired leases, pursuant to which a debtor-tenant has two options. He can reject the lease, which is then terminated, giving rise to a breach of the lease and a claim for damages by the landlord which may ultimately be discharged. . . . Alternatively, the Bankruptcy Court may order an assumption and/or assignment of the lease. . . . *When a lease is assumed and assigned to a third party pursuant to section 365, section 365(k) relieves the trustee and the estate from future liability after an assignment*;

*Wainer v. A.J. Equities, Ltd.*, 984 F.2d 679, 684 (5th Cir. 1993)(emphasis added).

The Trustee or Debtor-in-Possession[1] must meet certain requirements before it can assume and assign an unexpired lease.

> The trustee [or debtor-in-possession] may assign an executory contract or unexpired lease only if (a) it assumes the contract or lease in accordance with section 365 and (b) there is adequate assurance of future performance by the assignee.

---

[1] A debtor-in-possession in a Chapter 11 case generally enjoys the same rights and powers as a trustee. *See* 11 U.S.C.A. § 1107(a)

6

> *11 U.S.C. § 365(f)(2)*. This assurance is necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach. *11 U.S.C. § 365(k)*. Where the leased premises are in a shopping center, the assignee must meet the heightened definition of adequate assurance of future performance in section 365(b)(3) to ensure that "[t]he essential terms of a debtor's lease in a shopping center [are] not . . . changed in order to facilitate assignment."

*In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (*quoting* 2 Norton Bankr. L. & Prac. 2d § 39:46, at 39-133 (1997).

In this case, the Leased Premises are in a shopping center. Therefore, adequate assurance of future performance must be determined pursuant to section 365(b)(3), which states in pertinent part:

> (3) . . .adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance--
>
> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365 (b)(3).

What constitutes "'adequate assurance of future performance' must be determined by the facts of the proposed assumption." *Cinicola v. Sharfenberger*, 248 F.3d 110, 120 n.10 (3d Cir. 2001)(internal citations omitted). "Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance." *Id.*

In this matter, the Court conducted an evidentiary hearing on Landlord's Objection to the assignment, and thereafter, approved the Debtor's assumption and assignment of the Lease. The Court's *Order Approving Assignment* specifically found that "[t]o the extent required, Assignee has provided adequate assurances of future performance." *Order Approving Assignment* at ¶ 17. In addition, the Court determined the "tenant mix in the shopping center where the Property is located will not be altered by the proposed assignment or proposed use." *Id.* ¶ "D". The Court further ordered the Assignee to post additional security with the Landlord equal to two months rent as a security deposit subject to the terms of the Lease concerning such deposit. *Id.* ¶ "E". Thus, the essential terms of the Lease were not changed to facilitate the assignment, and the Court found that there was adequate assurance of future performance as required for a lease of premises located in a shopping center.

Section 365(k) states: "Assignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such

contract or lease occurring after such assignment." 11 U.S.C. § 365(k). Section 365(k) operates as a novation as a matter of law, whether or not the Landlord consents to the substitution of the Assignee as the new tenant. *See In re American Flint Glass Workers Union*, 197 F.3d 76, 80 (3d Cir. 1999). "Under Section 365(k), however, the creditor is protected because, prior to accepting performance from the new contracting party, the creditor must be assured that the new party can perform the contract or lease." *In re Phar-Mor, Inc.* 336 B.R. 326, 335 (Bankr. N.D. Ohio 2006). In this matter, the Lease was properly assumed and assigned with Court approval based upon a showing of adequate assurance by the Assignee. Therefore, pursuant to section 365(k), the estate was relieved of liability for Assignee's post-assignment breach under the Lease. *See id*. Thus, the Court sustains the Objection to Claim No. 15.

Based upon the Court sustaining the Objection to Claim, the Debtor's Set-Off Claims are denied as moot. Having sustained the Objection to Claim, the Court also denies as moot the Debtor's Motion for Reconsideration of Ruling Excluding Testimony of the Debtor's Attorney ("Reconsideration Motion"), and cancels the hearing thereon scheduled for November 8, 2007.

## ORDER

The Court, having heard the testimony of the witnesses, the arguments of counsel, having reviewed the evidence, the applicable law, and being otherwise advised in the premises does hereby **ORDERS AND ADJUDGES** that:

1. Debtor's Objection to Landlord's Amended Claim No. 15 is **SUSTAINED**.

2. Debtor's Set-Off Claims are **DENIED AS MOOT**.

3. Debtor's Motion for Reconsideration is **DENIED AS MOOT**. The hearing set thereon which was scheduled for November 8, 2007 is **CANCELED**.

###

Copies furnished to:

Scott Orth, Esq.

Stuart Young, Esq.

Michael Bakst, Trustee

AUST